**REX CHAINBELT INC., a Wisconsin corporation on behalf of itself and all others similarly situated, Plaintiff,**

v.

**John A. VOLPE, Secretary, Department of Transportation, et al., Defendants.**

**No. 71–C–564.**

United States District Court,
E. D. Wisconsin.

April 24, 1972.

Michael, Best & Friedrich, by Andrew O. Riteris, Milwaukee, Wis., for plaintiff.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The amended complaint in this action seeks a judgment declaring invalid certain regulations issued by the National Highway Traffic Safety Administration ("NHTSA"), an agency of the United States Department of Transportation. Jurisdiction is founded upon the provisions of the Administrative Procedure Act (5 U.S.C. §§ 701–706), the Declaratory Judgment Act (28 U.S.C. § 2001), and 28 U.S.C. § 1337. Both sides have moved for summary judgment. Comprehensive briefs have been submitted by the parties, and no oral argument is deemed necessary.

The regulations in question became effective on January 1, 1972. On December 28, 1971, after an oral hearing, this court denied the plaintiff's request for an order staying the regulations' effective date.

Section 119 of the National Traffic and Motor Vehicle Safety Act of 1966 (15 U.S.C. §§ 1381–1410), empowers the secretary of the Department of Transportation to issue "such rules and regulations as he deems necessary" to implement the provisions of the act. Pursuant to such authorization, and pursuant to the provisions of 49 C.F.R. §

1.51, the secretary delegated certain rule-making functions to the acting administrator of the NHTSA. On April 8, 1971, the acting administrator amended 49 C.F.R. § 567 and issued 49 C.F.R. § 568, the regulations which are the subject of the present action.

The plaintiff manufactures concrete mixers designed for mounting upon a truck chassis-cab manufactured by a party other than the plaintiff. Under 49 C.F.R. § 568.3 the plaintiff is denominated a "final-stage manufacturer" because it "performs such manufacturing operations on an incomplete vehicle that . . . [the incomplete vehicle] . . . becomes a completed vehicle." A completed vehicle is defined as

". . . a vehicle that requires no further manufacturing operations to perform its intended function, other than the addition of readily attachable components, such as mirrors or tire and rim assemblies, or minor finishing operations such as painting."

As a final-stage manufacturer, the plaintiff is subject to the provisions of § 568.6:

"(a) Each final-stage manufacturer shall complete the vehicle in such a manner that it conforms to the standards in effect on the date of manufacture of the incomplete vehicle, the date of final completion, or a date between those two dates. This requirement shall, however, be superseded by any conflicting provisions of a standard that applies by its terms to vehicles manufactured in two or more stages.

"(b) Each final-stage manufacturer shall certify that the entire vehicle conforms to all applicable standards, in accordance with § 567.5 of this chapter, *Requirements for manufacturers of vehicles manufactured in two or more stages.*"

The plaintiff argues that promulgation of § 568.6 exceeded the authority granted to the NHTSA by the National Traffic and Motor Vehicle Safety Act of 1966 if the regulation is interpreted to require the certification of a truck chassis component by a party which has not manufactured or purchased the chassis. By posting the labels required by § 568.6, the plaintiff contends that it is made a guarantor or insurer to the public "of safety related truck chassis components which the mixer manufacturer is not capable of testing to the degree necessary to ascertain compliance"; the certification requirement, the plaintiff asserts, exposes it to strict liability for injuries suffered by persons who rely upon the certification and are injured because the certification is erroneous. The plaintiff rejects the defendants' argument that the plaintiff can rely on a certification of compliance by the chassis manufacturer, for such argument "overlooks the fact that lack of knowledge or due care is not a defense in an action under warranty or in an action in tort."

On the other hand, the defendants contend that the "affixing of the certification label does not mean that a final-stage manufacturer 'certifies the whole vehicle.'" The imposition of strict liability, the defendants argue,

". . . turns upon the representation to the public as the basis of liability on the theory that an express warranty is made to the consumer. All . . . [the plaintiff] . . . is doing under the certification regulations, in contradistinction, is certifying that the completed motor vehicle complies to the Federal motor vehicle safety standards, that the vehicle, based on the information furnished to it by the intermediate manufacturers, will pass certain tests enumerated in the safety standards when tested by the NHTSA."

In its amended complaint, the plaintiff asks this court to declare 49 C.F.R. §§ 567 and 568 "invalid to the extent that they require that plaintiff . . . certify the compliance of a chassis-cab and its components to vehicle safety standards in those instances . . . [in which the chassis-cab has been pur-

chased from a source other than the plaintiff] . . . ." However, in a brief filed after the filing of the amended complaint, counsel for the plaintiff stated that "the plaintiff does not seek invalidation of the Regulations as such, but merely seeks a determination of their scope."

Regardless of whether a declaration of invalidity or a delineation of the regulations' applicability is sought, I believe that the issues presented in the case at bar are whether the regulations in question are reasonable and whether the NHTSA exceeded its authority in promulgating them. With the issues thus defined, it becomes necessary to determine whether the agency's action was arbitrary; as stated in Automotive Parts & Accessories Ass'n v. Boyd, 132 U.S.App.D.C. 200, 407 F.2d 330, 343 (1968), the function of this court is

". . . to see only that the result is reasonable and within the range of authority conveyed, that it has been formulated in the manner prescribed, and that the disappointed have had the opportunity provided by Congress to try to make their views prevail."

The National Traffic and Motor Vehicle Safety Act of 1966 was enacted "to reduce traffic accidents and deaths and injuries to persons resulting from traffic accidents." 15 U.S.C. § 1381. The certification requirement of which the plaintiff complains was issued pursuant to the Congressional declaration of purpose contained in § 1381; 15 U.S.C. § 1392(a) invests the secretary of the Department of Transportation with the authority to "establish by order appropriate Federal motor vehicle safety standards."

█ In my opinion, 49 C.F.R. §§ 567 and 568, as applied to the plaintiff, are reasonable and were within the scope of the authority granted to the NHTSA. It is significant, moreover, that the certification requirement appears to have been imposed initially by the National Traffic and Motor Vehicle Safety Act of 1966 rather than by the regulations in question. 15 U.S.C. § 1403 (§ 114 of the Act) provides:

"Every manufacturer or distributor of a motor vehicle or motor vehicle equipment manufacturer shall furnish to the distributor or dealer at the time of delivery of such vehicle or equipment by such manufacturer or distributor the certification that each such vehicle or item of motor vehicle equipment conforms to all applicable Federal motor vehicle safety standards. In the case of an item of motor vehicle equipment such certification may be in the form of a label or tag on such item or on the outside of a container in which such item is delivered. In the case of a motor vehicle such certification shall be in the form of a label or tag permanently affixed to such motor vehicle."

15 U.S.C. § 1391(5) defines a manufacturer of motor vehicles as "any person engaged in the manufacturing or assembling of motor vehicles or motor vehicle equipment"; the defendants argue that

"It has consistently been the position of the NHTSA since the first Federal motor vehicle standards went into effect on January 1, 1968, that a final manufacturer who installs or assembles a body on a truck chassis is a manufacturer of motor vehicles under Section 102(a) (5) of the Act [15 U. S.C. § 1391(5)] and as such required to certify and permanently label the entire vehicle at time of delivery under Section 114 (15 U.S.C. § 1403)."

The plaintiff, on the other hand, contends that it is not a "motor vehicle manufacturer" because certain statutes applicable to manufacturers cannot apply to it; such statutes (15 U.S.C. §§ 1400, 1402, and 1403) relate to notice to purchasers, and repurchase, of defective vehicles, and to the dissemination of certain technical information.

█ I believe that the plaintiff is a motor vehicle manufacturer for the purposes of 15 U.S.C. § 1391(5). The plaintiff manufactures a large mixer, the

attachment of which to a chassis-cab re-.sults in a completed vehicle as defined by 49 C.F.R. § 568.3. The fact that, as a final-stage manufacturer, the plaintiff cannot come within the scope of certain statutory provisions applicable to other groups or classes of motor vehicle manufacturers does not, in my opinion, remove the plaintiff from that class of manufacturers subject to the provisions of 49 C.F.R. §§ 567 and 568.

As already noted, 49 C.F.R. § 568 requires the final-stage manufacturer to certify that the completed vehicle conforms to certain safety standards established by the NHTSA. However, such certification in no way relieves the incomplete vehicle manufacturer of any obligations imposed upon it by NHTSA regulations or by the common law; indeed, § 568.4 requires that the incomplete vehicle manufacturer "furnish with the incomplete vehicle" certain information, including the name and address of the incomplete vehicle manufacturer, and [§ 568.4(7)]:

"(i) A statement that the vehicle when completed will conform to the standard if no alterations are made in identified components of the incomplete vehicle [or]

"(ii) A statement of specific conditions of final manufacture under which the manufacturer specified that the completed vehicle will conform to the standard [or]

"(iii) A statement that conformity with the standard is not substantially determined by the design of the incomplete vehicle, and that the incomplete vehicle manufacturer makes no representation as to conformity with the standard."

In addition, § 568.7 provides that an incomplete vehicle manufacturer can assume "legal responsibility for all duties and liabilities imposed on manufacturers" and that, in such case, the final-stage manufacturer is relieved of the certification requirements of § 568.6(b). However, the plaintiff argues that in-complete vehicle manufacturers are unwilling to assume any legal responsibility under § 568.7 and that, furthermore, the documentation called for by § 568.4(7) does not remain with the vehicle; thus, the label placed by the final-stage manufacturer is the only certification likely to come to the attention of the public.

While § 568.6 might better have been cast in language that would make clear the defendants' representation that the "affixing of the certification label does not mean that a final-stage manufacturer 'certifies the whole vehicle,'" I am unable to say that, as presently worded, the regulation is arbitrary or unreasonable. A contrary holding is not required merely because of the plaintiff's belief that the certification requirement increases its liability or makes it responsible for the omissions or errors of the incomplete vehicle manufacturer.

In Larsen v. General Motors Corp., 391 F.2d 495, 506 (8th Cir. 1968), the court stated that "the National Traffic Safety Act is intended to be supplementary of and in addition to the common law of negligence and product liability." What § 568.6 appears to ·require is a statement by the final-stage manufacturer that the entire vehicle conforms to applicable safety regulations; in making such statement, the final-stage manufacturer should be able to rely on the statement of conformity supplied by the incomplete vehicle manufacturer, the name of which must appear on the certification of label pursuant to § 567.5. However, if the final-stage manufacturer feels insecure, there is nothing to prevent its demanding additional assurances or protection from the incomplete vehicle manufacturer.

Therefore, it is ordered that the plaintiff's motion for summary judgment be and hereby is denied.

It is also ordered that the defendants' motion for summary judgment be and hereby is granted and that the plaintiff's action be and hereby is dismissed.